**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROB BICKELMAN,** | : | **Civil Action No.** |
| **146 Stone Hill Drive** | : | |
| **Pottstown, PA 19464** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **BARRY ISETT & ASSOCIATES, INC.,** | : | |
| **1003 Egypt Road** | : | |
| **Phoenixville, PA 19460** | : | |
| | : | |
| **85 South Route 100** | : | |
| **Allentown, PA 18106** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Rob Bickelman (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Barry Isett & Associates, Inc. (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Barry Isett & Associates, Inc. is an engineering and consulting firm with a location at 1003 Egypt Road, Phoenixville, PA 19460 and with a corporate

headquarters located at 85 South Route 100, Allentown, PA 18106.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADEA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination against Defendant.

14. The Complaint was assigned the Charge Number 530-2020-05107 and was dual filed with the Pennsylvania Human Relations Commission.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated November 30, 2020. Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born on September 2, 1965.

21. In August 2015, Defendant hired Plaintiff as a Plumbing and Fire Protection Designer.

22. Plaintiff was well qualified for his position and performed well.

23. In 2019, Defendant promoted Plaintiff to Senior Plumbing and Fire Protection Designer.

24. Plaintiff was well qualified for his position and performed well.

25. On March 24, 2020, Kevin Campbell, CEO, called Plaintiff and informed him that he was placed on furlough due to COVID-19.

26. Chris Campbell (mid/late 40's), Senior Mechanical Project Manager, was also placed on furlough that day.

27. Mr. Campbell and Plaintiff were the only ones in their department placed on furlough.

28. In addition, Mr. Campbell and Plaintiff were the oldest employees in their department.

29. The average age of the employees in their department is early 30's.

30. In mid-April 2020, Plaintiff contacted Mr. Campbell (CEO) inquiring when he would be able to return back to work.

31. Mr. Campbell informed Plaintiff that Defendant would not bring him back to work and stated to him that it was due to alleged performance deficiencies.

32. However, Plaintiff never received any warnings or disciplines for deficient performance.

33. In fact, Plaintiff had a history of strong performance evaluations.

34. Plaintiff later received a letter dated June 30, 2020, stating that he was terminated from Defendant due to a reduction in business caused by COVID-19.

35. However, Plaintiff heard from his former coworkers that Defendant did not experience business slowing down.

36. It is Plaintiff's position that he was discriminated against due to his age in violation of the ADEA.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

37. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

38. Plaintiff was born on September 2, 1965.

39. Plaintiff was qualified to perform the job.

40. Defendant terminated Plaintiff.

41. Defendant treated younger employees more favorably than Plaintiff.

42. Defendant has no legitimate non-discriminatory reason for its actions.

43. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

44. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

45. Plaintiff was born on September 2, 1965.

46. Plaintiff was qualified to perform the job.

47. Defendant terminated Plaintiff.

48. Defendant treated younger employees more favorably than Plaintiff.

49. Defendant has no legitimate non-discriminatory reason for its actions.

50. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff, Rob Bickelman, requests that the Court grant him the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA and the PHRA.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: March 2, 2021

By: **/s/ David M. Koller**
David M. Koller, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*